For the reasons stated in *Lego* v. *Illinois, post* this page (MARSHALL, J., dissenting), I would grant the petition in order to resolve the question whether a state court, when recognizing a new federal constitutional rule governing criminal procedure, is bound by the retroactivity principles fashioned by this Court, and if so, whether the principle of retroactivity announced in *Griffith* v. *Kentucky*, 479 U. S. 314 (1987), applies to a state-court decision recognizing such a rule, notwithstanding the state court's pre-*Griffith* determination that, under the retroactivity decisions of this Court then in force, the new rule would be given prospective application only. I dissent.

No. 88–5319. LEGO v. ILLINOIS. Sup. Ct. Ill. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

I

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL J., dissenting), I would grant the petition for certiorari and vacate the death sentence in this case. Even if I did not take this view, I would grant the petition in order to resolve the question whether a state court, when recognizing a new federal constitutional rule governing criminal procedure, is bound by the retroactivity principles fashioned by this Court, and if so, whether the principle of retroactivity announced in *Griffith* v. *Kentucky*, 479 U. S. 314 (1987), applies to a state-court decision recognizing such a rule, notwithstanding the state court's pre-*Griffith* determination that, under the retroactivity decisions of this Court then in force, the new rule would be given prospective application only.

## II

In March 1984, the petitioner was tried in state court for murder. During *voir dire*, the petitioner proposed that the trial court ask the venirepersons whether they "believe[d] in the presumption of innocence as it applies to a person charged with a crime." The trial court refused. The petitioner was subsequently convicted and, after a death penalty hearing, sentenced to death. In his direct appeal to the Illinois Supreme Court, the petitioner argued that the trial court's refusal to ask the proposed question violated *People* v. *Zehr*, 103 Ill. 2d 472, 469 N. E. 2d 1062 (1984), which was issued approximately six months after the petitioner's trial concluded. *Zehr* held that a criminal defendant is deprived of his right to "a fair and impartial jury" by a trial court's refusal to question prospective jurors on their view on the presumption of innocence. *Id.*, at 477, 469 N. E. 2d, at 1064.

The Illinois Supreme Court rejected the petitioner's claim, noting that in *People* v. *Britz*, 112 Ill. 2d 314, 493 N. E. 2d 575 (1986), it had held that *Zehr* would not be applied retroactively because it "'represented a change in Illinois law.'" 116 Ill. 2d 323, 338, 507 N. E. 2d 800, 805 (1987) (quoting *Britz, supra,* at 319, 493 N. E. 2d, at 577). Justice Simon dissented, finding that *Britz* could not be squared with this Court's subsequent decision in *Griffith*. In *Griffith*, the Court held that decisions announcing new constitutional rules governing criminal procedure are "to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." 479 U. S., at 328. In so doing, the Court explicitly abandoned the "clear break" exception, under which a new constitutional rule would not be applied retroactively if it represented a substantial departure from past precedent or accepted practice. *Ibid.*

As noted above, the Illinois Supreme Court's *Britz* decision is based on this now-discredited "clear break" exception, but the state court nonetheless insisted on applying it in the petitioner's case for reasons not made clear until *People* v. *Harris*, 123 Ill. 2d 113, 526 N. E. 2d 335 (1988), cert. denied *sub nom. Wilson* v. *Illinois, ante,* at 902. There, the state court explained: *"Griffith* was *not* the law on retroactivity at the time this court decided *Britz*. We do not read *Griffith* as requiring us to recon-

sider our earlier holding in *Britz*." *Harris, supra,* at 130, 526 N. E. 2d, at 341 (emphasis in original). In other words, the state court believes that it need not apply *Griffith*'s retroactivity rule retroactively.

The difficulty with this view, in my judgment, is that it appears to contradict the very premise of the *Griffith* decision, namely, that "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." 479 U. S., at 322. Not the least, it "creates the . . . problem of not treating similarly situated defendants the same." *Id.,* at 327.

I am unpersuaded by the respondent's contention that the Illinois Supreme Court was free to ignore this Court's retroactivity principles because *Zehr* was a ruling on state, rather than federal, law. This assertion is belied by the fact that, in *Harris,* the state court understood itself to be bound by federal retroactivity precedents. 123 Ill. 2d, at 129, 526 N. E. 2d, at 341 ("[A]t the time *Britz* was decided this court correctly followed the applicable law on retroactivity as articulated by the United States Supreme Court").* And, as explained in *People* v. *Erickson,* 117 Ill. 2d 271, 513 N. E. 2d 367 (1987), the state court looks to this Court's retroactivity precedents *only* when the rule announced is of federal constitutional dimension. See *id.,* at 289, 513 N. E. 2d, at 374 ("Because *Griffith* addresses a rule which pertains to a constitutional right and the defendant herein seeks retroactive application of a rule which pertains to a statutory right, we do not deem *Griffith* controlling"). It is proper to assume, therefore, that *Zehr* recognizes a federal right.

In any event, this Court typically retains a role when the state court "has been influenced by an accompanying interpretation of federal law." *Three Affiliated Tribes* v. *Wold Engineering, P. C.,* 467 U. S. 138, 152 (1984). Indeed, where it appears, as it does here, that the "state court has proceeded on an incorrect perception of federal law," this Court has stepped in and "reviewed the federal question on which the state-law determination appears to have been premised." *Ibid.* Thus, even if *Zehr* is premised

---

*Indeed, the only question for the state court in *Harris* was whether the applicable retroactivity precedent for a post-*Griffith* claim based on *Zehr* is *Griffith* itself or a series of cases beginning with *Linkletter* v. *Walker,* 381 U. S. 618 (1965), and culminating with *United States* v. *Johnson,* 457 U. S. 537 (1982).

on state law, the Court may consider the retroactivity of that decision because the Illinois Supreme Court looked solely to our precedents in making its retroactivity determination.

Because the instant case and *People* v. *Harris, supra,* raise a substantial issue of federal retroactivity law, I would grant the petitions for certiorari in both cases. I dissent.